UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FLORA LEPORE

                         Plaintiff

  -Against-                                        **COMPLAINT**
                                                           **JURY TRIAL DEMANDED**
                                                            05-6165

NEW YORK HOTEL TRADES COUNCIL
EMPLOYEE BENEFITS FUNDS
                              Defendant
-------------------------------------------------------------X

      Plaintiff, FLORA LEPORE, by her attorneys, LAW OFFICES OF AMBROSE WOTORSON, alleges as follows:

      I.      <u>INTRODUCTION</u>

      1.      This is an action pursuant to 29 U.S.C. 2601, et seq., Section 8-107(1)(a) of the New York City Human Rights Law and Section 296 of the New York State Human Rights Law to vindicate the civil and employment rights of Plaintiff. Plaintiff contends that defendant willfully obstructed her rights to leave under the Family Medical Leave Act and altered the terms, conditions, and privileges of her employment because of her gender, which is female. Moreover, plaintiff contends that she was retaliated against because of her opposition to the aforementioned discrimination. These misdeeds are ongoing in nature.

      II.      <u>JURISDICTION</u>

      2.      This Court has jurisdiction over this action under 29 U.S.C. Sections 2601, et seq. Venue is proper, as the operative events occurred within this judicial district.

### III. PARTIES

3. FLORA LEPORE (hereinafter, "plaintiff" or "Lepore") resides at 12 Ellwood Avenue, Staten Island, New York 10314. She is currently employed with defendant as a project manager. She brings this claim on her own behalf.

4. NEW YORK HOTEL TRADES COUNCIL AND EMPLOYEE BENEFITS FUNDS OF NEW YORK (hereinafter, "Defendant") is an employer for FMLA purposes. Indeed, at all relevant times, defendant employed plaintiff as a project manager. Defendant does business in New York at 305 West 44th Broadway, New York, New York 10036.

### III  FACTUAL AVERMENTS

4. Plaintiff's performance has been fully satisfactory at all relevant times.

5. However, the terms, conditions, and privileges of plaintiff's employment have been adversely affected in the following ways:

    a. Plaintiff was hired on or about April 14, 2002 as a project manager.

    b. At the time of her hire, plaintiff had started working on her Masters degree in health care administration. At the time, plaintiff was the only project manager employed with defendant who was in the process of obtaining a Master degree.

    c. As well, at the time of her hire, plaintiff was the only female project manager employed with defendant.

    d. Almost immediately upon her hire, plaintiff was subjected to disparate terms and conditions of her employment based, in part, upon her sex.

e. For example, on or about October 2002, Jordan Beasley, who has the male Director of Provider Relations, summoned plaintiff to show her a calendar which he called the "crispy cream" calendar. The calendar depicted an obese woman, scantily clad in a bikini eating a donut, while lounging in a pool. Plaintiff nether welcomed nor solicited this, and promptly told Beasley that she was not amused, as Beasley seemed to be teasing plaintiff about her own weight.

f. Within two weeks, Beasely recommended that plaintiff be disciplined for breaching confidentiality when she overheard another employer being discussed in a meeting and she simply informed the employer that she had been a topic of conversation. A warning memo was placed in plaintiff's personnel file as punishment. On information and belief, such actions are rarely, if ever, the basis for formal disciplinary actions against males.

g. Moreover, in late 2003, all of the male project managers received bonuses.

Plaintiff did not receive such a bonus, and she reasonably protested the same to her boss, Andrew Windsor.

h. Plaintiff was given utterly pretextual reasons as to why she was not given a bonus. Indeed, plaintiff was told that because the tone of one of her e-mails was too harsh, she was not entitled to a bonus. On information belief, defendant's male project managers

3

    have engaged in far worse conduct, with management's knowledge, yet they were given bonuses in 2003.

 i. On or about May 2004, plaintiff's Process and Improvement manager ordered that plaintiff be excluded from all sensitive meetings. Although plaintiff was tasked with training the entire staff on how to use certain applications systems, she was neither copied on, nor informed about e-mails which related to her assigned tasks.

 j. Moreover, defendant simply ceased to invite her to, or to inform her of, important staff meetings. As well, plaintiff, unlike the other male project managers, does not even have an office or a desk.

 k. Simply stated, plaintiff has not been provided with the necessary tools and/or work space within which to succeed.

 l. Defendant has failed to offer any reasonable and legitimate business justification for this disparity, and it is unexplainable without reference to plaintiff's sex.

 m. Moreover, male employees who are new and who are junior to plaintiff, have automatically obtained necessary equipment to allow them to succeed. No such courtesies have been extended to plaintiff.

n. Moreover, when plaintiff asked for a performance review in July 2004, her boss, Andrew Windsor, told her that he was "too busy." In fact, plaintiff has never received a performance evaluation, since she was hired in 2002.

o. In January 2005, plaintiff was informed that the focus of her training would be changed. As a direct result of these changes, plaintiff now wanders from location to location. Unlike her male counterparts, plaintiff does not have a home base.

p. As a result of all of the above, plaintiff is on the precipice of a nervous breakdown. Plaintiff has been diagnosed with a serious medical condition of severe depression and she has been prescribed a course of therapy.

q. Defendant has been made aware of this.

r. However, on or about March 9, 2005, plaintiff applied for leave under the FMLA because she was suffering from this severe depression. In applying for FMLA leave, plaintiff submitted a written diagnoses from her health care providers.

s. However, defendant refused to even acknowledge plaintiff's timely application for FMLA leave, thereby obstructing her right to leave under the FMLA. Indeed, there is no dispute that plaintiff worked 1250 hours in the 12 months prior to her application, and that she had been employed with defendant for more than two years at the time of her FMLA application.

t.   As a direct result of defendant's failure to even acknowledge plaintiff's timely FMLA application, plaintiff's mental health condition has worsened. Indeed, plaintiff has now been prescribed Lexapro for depression, and Adavan to assist her sleep.

u.   In fact, plaintiff has a history of clinical depression, such that she was placed on social security disability in July 2001.

v.   On information and belief, defendant has planned to illegally terminate plaintiff's employment. Indeed, on March 10, 2005, after plaintiff had applied for FMLA leave, defendant surreptitiously advertised a job opening for plaintiff's position on Monster.com.

6.   As a proximate result of defendants' arbitrary, retaliatory, discriminatory and illegal acts towards plaintiff, plaintiff will suffer a loss of earnings, bonuses and other employment benefits.

7.   As a further proximate result of defendants' arbitrary, retaliatory, discriminatory and illegal actions towards plaintiff, plaintiff has suffered impairment and damage to plaintiff's good name and reputation.

8.   As a further proximate result of defendants' arbitrary, retaliatory, discriminatory and illegal actions towards plaintiff, plaintiff has suffered extreme mental anguish and severe emotional injury.

9.   As a further proximate result of defendants' arbitrary, retaliatory, discriminatory and illegal actions towards plaintiff, plaintiff has been unable to ameliorate her employment situation.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

10. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

11. The defendant violated 29 U.S.C. 2601, *et seq.*, by obstructing plaintiff's rights to leave and by failing to grant plaintiff a leave of absence for her serious medical condition. As well, defendant retaliated against plaintiff by refusing to acknowledge her timely application for leave, and by advertising her position on Monster.com. There misdeeds were willful, and they are ongoing in nature.

### SECOND CAUSE OF ACTION

12. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

13. The defendant violated Section 8-107(1)(a) of the New York City Human Rights Law and Section 296 of the New York Human Rights Law by varying the terms, conditions and privileges of plaintiff's employment on account of her gender, which is female. As well defendant retaliated against plaintiff because she opposed her discriminatory mistreatment.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court grant to her judgment containing the following relief:

    a. An award of damages to be determined at the time of trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury,

      b.      An award of punitive and/or liquidated damages to be determined at the time of trial as against any individual defendants;

      c.      An award of reasonable attorney fees and the costs of this action and,

      d.      Such other and further relief as this Court may deem just and proper; and

      e.      reinstatement or any other equitable relief available, including an injunction against the adverse actions complained of herein.

Dated: Brooklyn, New York
       June 28, 2005

                      Respectfully Submitted,
                      Law Offices of Ambrose Wotorson, P.C.

                      By_____/s/_____
                      Ambrose W. Wotorson (AWW—2412)
                      26 Court Street
                      Suite 1811
                      Brooklyn, New York 11242

                      718-797-4861